**FILED**

MAR 2 4 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| EARL DAVID WORDEN<br><br>*Plaintiff,*<br>vs.<br><br>JOSEPH SALVAGGIO, in his individual and official capacities,<br>JOHN VASQUEZ, in his individual and official capacities,<br>ROBERT SAUCEDO, in his official and individual capacities,<br>E. RIVERA, in her individual and official capacities, and<br>CITY OF LEON VALLEY, Texas<br><br>*Defendants,* | ) Case No.:<br>)<br>)<br>)<br>) Plaintiffs Original Complaint<br>)<br>)<br>) EXHIBITS 1-3 attached hereto<br>) and incorporated herein<br>)<br>)<br>)<br>) Jury Trial Demanded Herein<br>)<br>)<br>) SA22CA0286 XR<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Plaintiff, Earl David Worden, in *propia persona* in the above-titled cause, hereby file this, his Original Complaint for Civil Rights Violations under U.S.C. 42 §1983 for deprivation of certain of his guaranteed and protected civil rights relating to the 1st, 4th, and 14th Amendments.

## I.    INTRODUCTION AND OPENING STATEMENT

1.    This is an action brought by Plaintiff, Earl David Worden, against certain police officers, acting as agents of the state in their respective roles and in their individual capacities, and the municipality by which they were employed.

2.    The injury suffered by this Plaintiff occurred at a peaceful protest taking place at the City Hall in Leon Valley, Texas, (see Case #SA-18-CV-00680-JKP -pending before this District Court).

3.    Plaintiff Worden, a known video vlogger and reporter on YouTube and other media outlets, was walking on a public sidewalk adjacent to the City of Leon Valley City Hall and videorecording. After recording for approximately 2½ minutes in this public area, WORDEN was approached, personally seized and handcuffed, his recording device was seized, and he was held in custody. After approximately 2 hours, WORDEN was released from custody, criminally trespassed off the City of Leon Valley property, and his camera was held for almost 2 years.

4.    The City of Leon Valley failed to ensure that its employees, the Chief of Police and the other officer defendants, were properly trained and/or supervised and acted unfettered in violation of the Constitution and clearly established law. Because of this failure Plaintiff's clearly established rights relating to the 1st, 4th, and 14th Amendments to the Constitution were egregiously violated by all Defendants.

## II.    JURISDICTION AND VENUE

5.    Causes of Action of this complaint arise under 42 U.S.C. §1983 (Civil Action for Deprivation of Rights). The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331 and this court also has original jurisdiction pursuant to 28 U.S.C. §1343.

6.    Venue is proper because all events giving rise to Plaintiffs' causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

## III.    PARTIES

### A. Plaintiff

7.    Plaintiff Earl David Worden, hereinafter "WORDEN", at all times relevant herein, suffered injury while in this District in the City of Leon Valley, Texas.

### B. Defendants

8.    Plaintiff is informed and believes that Defendant, Joseph Salvaggio, hereinafter "SALVAGGIO", was the city of Leon Valley Chief of Police and a sworn peace officer, employed by defendant City of Leon Valley, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Leon Valley.  SALVAGGIO is being sued in his individual and official capacities.

9.    Plaintiff is informed and believes that Defendant, John Vasquez, hereinafter "VASQUEZ", was a sworn peace officer, badge #552, employed by defendant City of Leon Valley, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Leon Valley. VASQUEZ is being sued in his individual and official capacities.

10.    Plaintiff is informed and believes that Defendant, Robert Saucedo, hereinafter "SAUCEDO", was a sworn peace officer, employed by defendant City of Leon Valley, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Leon Valley. SAUCEDO is being sued in his individual and official capacities.

11.    Plaintiff is informed and believes that the female Defendant, E. Rivera, hereinafter "RIVERA", was a sworn peace officer, badge #587, employed by defendant City of Leon Valley, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Leon Valley.  RIVERA is being sued in her individual and official capacities.

12.    Plaintiff is informed and believes that Defendant City of Leon Valley, Texas, hereinafter "LEON VALLEY", is an incorporated political subdivision within Bexar County in the State of Texas, and can be sued as such person specific to this lawsuit.

## IV.    GENERAL FACTUAL ALLEGATIONS

13.   Plaintiff is a videographer, vlogger, and civil rights activists who has been videorecording publishing his recordings, edited and unedited, on media forums such as, YouTube, Facebook, Instagram, and the like since approximately 2014. The financial benefits of WORDEN's postings have been the main economic support for his household since approximately 2016.

14.   After learning of what seemed to be an adversarial relationship between the community of videographers who were pro First Amendment, known as First Amendment Auditors, and City of Leon Valley employees, most specifically the Chief of Police, SALVAGGIO and employed police officers under his direct supervision, Plaintiff chose to travel to the City of Leon Valley and record the encounters.

15.   On June 23, 2018, this Plaintiff was present in the City of Leon Valley and anticipated recording the activities and encounters of the protesters and the police. Plaintiff had been informed that SALVAGGIO had given notice to the protesters that the LEON VALLEY officials had authorized SALVAGGIO to hold a press conference and answer any questions directed by these auditors.

16.   Plaintiff, wearing a name tag on the front of his shirt that read "MEDIA" with his name and photo, waited on scene for approximately 3 hours, but no press conference transpired. Despite the approximately 20 protestors remaining and donning their camera gear, Plaintiff then departed as he

believed that the press conference was not to take place, and returned to his van parked in an adjacent parking lot.

17. As WORDEN was packing his camera gear he observed a man running towards him and excitedly stating that a large group of Police had come out of the police station and were "attacking and arresting everybody and taking the phones and cameras!" WORDEN then quickly grabbed and activated one of his cameras, his Canon VIXIA HF R600 hand held video recorder, began recording, and cautiously walked back towards the intersection of El Verde Road and Bandera Road, *see Exh. 1 at 00:00-02:25* .

18. As WORDEN arrived at the intersection, VASQUEZ, who had just finished aiding in the handcuffing and detainment of another person recording and securing their recording device, turned and walked directly towards WORDEN and removed handcuffs. VASQUEZ demanded that WORDEN "Come here. I need your camera, sir." – see *Exhibit 1 at 02:26-02:36.*

19. As VASQUEZ got within mere feet of WORDEN, WORDEN told VASQUEZ, that before he starts with him, that he is advised that he had a right to be in the public space and record, as he was a member of the press. VASQUEZ told him that he was not under arrest, but that he was being detained for "having evidence or being a witness to a crime", *see Exh. 1 at 02:37-02:56.*

20. Despite WORDEN telling VASQUEZ that his belief did not give him authority to handcuff and detain WORDEN and require that he have his personal property, seized his camera. VASQUEZ escorted him towards the Leon Valley City Hall and told SAUCEDO, *see Exh. 1 at 03:05-03:42*, "This is...what's his name."

21. SAUCEDO stated "John, take him over there." WORDEN asked SAUCEDO why he was under arrest and was told "I didn't arrest you. Just take a seat over here". WORDEN stated that he was engaged in constitutionally protected conduct and had a right to be there in public recording police officers engaged in their official duties. SAUCEDO refused to help WORDEN in any way and forced him to sit down. After being seated, WORDEN spoke to officer L. Farias, Badge #534 and asked if his body camera was active to which he replied in the affirmative.

22. WORDEN then stated that what he was doing was constitutionally protected and that VASQUEZ, SALVAGGIO, and SAUCEDO that they had no valid authority to seize his property or his person. WORDEN further stated that if they needed copies of his recordings, he would be happy to respond to a subpoena for his footage if they required it or he would make a copy for them.

23. WORDEN asked SALVAGGIO why he was in handcuffs when he was simply there to record the events. Additionally, that if they needed copy of his footage, he would be willing to provide this, but they did not need to seize his

camera SALVAGGIO, *see Exh.1 at 06:35-07:21.* SALVAGGIO simply stated "okay…sit down." WORDEN was then taken inside the police station to the booking area by officer Farias. His camera was kept in the custody of the police, but continued to record as it had not been turned off, *see Exhibit 1 at 07:21 - 41:32.*

24. RIVERA, in the presence of and at the direction of SALVAGGIO then took WORDEN's seized camera and placed it in a paper bag as evidence, *see Exh. 1 at 22:11 –22:20.* While inside the booking area, RIVERA removed the camera from the paper bag and asked WORDEN "Is this yours?". WORDEN replied in the affirmative. WORDEN asked "Are you seizing my camera, ma'am?" RIVERA replied, "Yes, sir, I am." - *See Exhibit 1 at 39:55-40:10.* WORDEN would not see his camera, this footage, nor be given possession of this by LEON VALLEY until May 10, 2020 which was sent to him certified mail by the Leon Valley Police Department on May 4, 2020, *see Exhibit 3.*

25. Approximately 40 minutes after being brought in and left in the booking area under guard and in handcuffs, SALVAGGIO came and spoke with WORDEN. SALVAGGIO stated to WORDEN that they would immediately release WORDEN and return his camera if he agreed to sign a release allowing the Leon Valley Police to access his camera, remove the media card, examine and make copies of the videos on his camera.

26.    WORDEN stated that the camera and all of the footage on the media card were his personal property and that he needed both so that he could make reports for publication specific to his occupation. Further, WORDEN stated to SALVAGGIO that a warrant would be required, first, to seize his camera and second, in order to search the videos. To WORDEN's knowledge, no warrant was secured by the officers to seize or search the camera or the media card.

27.    WORDEN additionally, stated that his media credentials were on public display on the front of his shirt. SALVAGGIO took the Press tag off of WORDEN's shirt and examined it. WORDEN told SALVAGGIO that there was a contact phone number on the back of his editor in case SALVAGGIO wanted to verify WORDEN's purpose for being in Leon Valley.

28.    SALVAGGIO then left the booking area with WORDEN's Press tag. After approximately 20 minutes SALVAGGIO returned and handed the press tag back to WORDEN and stated that the organization, the News Now Houston, was an anti-police group and not valid press.

29.    After being held in total for approximately 2 hours, WORDEN was taken out of the booking area by two police officers who escorted him out of the building and handed him a criminal trespass warning. As he was being released, WORDEN asked for the officers to return his camera and video media card, but was told that it was being held as evidence. LEON VALLEY did not

release the camera and media card, his property, to WORDEN until May 4, 2020., *see Exhibit 3.*

30.  WORDEN was thereby precluded from being able to prepare and publish his video of the activities of June 23, 2018 nor was he able to access these and other videos that were time sensitive and relevant to his occupation.

31.  Additionally, an active lawsuit was filed involving 15 other plaintiffs for civil rights violations incident to the events of June 23, 2018 and the proximate prior time frame, similar to those suffered by WORDEN, Case #SA-18-CV-00680-JKP.

32.  Since the time of this incident, WORDEN, although having knowledge of city council meetings and other news worthy events going on involving the mass arrest of June 23, 2018, Plaintiff has not returned to Leon Valley for fear that he would further be targeted for harassment and arrest or other retaliation, if he did.

## V.  CAUSES OF ACTION

Although the standard statute of limitations for injury claims in the state of Texas is 2 years, Plaintiff asserts the Continuing Tort Doctrine as an exception to the usual 2-year statute of limitations[1]. Although the bad arrest and seizure

---

[1] "each act creates a separate cause of action, and the cause does not accrue, for purposes of limitations, until the misconduct ends." *Rogers v. Ardella Veigel Inter Vivos Trust No. 2*, 162 S.W.3d 281, 290 (Tex. App.-- Amarillo 2005, pet. denied)

of Plaintiff and Plaintiff's property took place on 6/23/18 his property was held in custody by LEON VALLEY until 5/4/20.

## CAUSE I
### (42 U.S.C. § 1983; 4th Amendment- Unreasonable Seizure)

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 32 above and incorporates the same as if set forth in full.

34. VASQUEZ, SAUCEDO, and SALVAGGIO knew or should have known that they did not have probable cause sufficient to justify the seizure of WORDEN yet they chose to do so.

35. In so doing, VASQUEZ, SAUCEDO, and SALVAGGIO violated Plaintiff's rights relating to the 4th Amendment to be free from unreasonable searches and seizures and did so with deliberate indifference.

36. As a direct and proximate consequence of the acts of this Defendant, WORDEN has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## CAUSE 2
### (42 U.S.C. § 1983; 4th Amendment- Unreasonable Search)

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 36 above and incorporates the same as if set forth in full.

38. VASQUEZ knew or should have known that by searching WORDEN beyond a *Terry* frisk and absent arrest, valid warrant, or other valid cause, he violated Plaintiff's protected 4th Amendment right to be free from unreasonable searches.

39. In so doing, this Defendant violated Plaintiff's rights relating to the 4th Amendment and did so with deliberate indifference.

40. As a direct and proximate consequence of the acts of this Defendant, WORDEN has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## CAUSE 3
### (42 U.S.C. § 1983; 4th Amendment- Unreasonable Seizure of Property)

41. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 40 above and incorporates the same as if set forth in full.

42. SALVAGGIO, VASQUEZ, SAUCEDO, and RIVERA knew or should have known that by seizing WORDEN's camera, Canon VIXIA HF R600 hand held video recorder which he used for his occupation, absent a valid warrant, or other valid cause, violated Plaintiff's protected 4th Amendment right and clearly established law to be free from unreasonable seizures. Further, this property and the audio/video content contained therein was held in custody by LEON VALLEY or its agents until 5/10/20.

43. In so doing, these Defendants violated Plaintiff's rights relating to the 4th Amendment and did so with deliberate indifference.

44. As a direct and proximate consequence of the acts of this Defendant, WORDEN has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## CAUSE 4

### (42 U.S.C. § 1983; 1st Amendment- Impeding Recording the Police)

45. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 44 above and incorporates the same as if set forth in full.

46. All Defendants knew or should have known that when a person is in the act of recording the police in the performance of their duties considering time and place factors, is a protected 1st Amendment right, and they are not to interfere or impede this activity. This has been clearly established in Texas and the 5th Circuit since 2/17/17, *see Turner v. Driver, 848 F. 678 (5ht Cr. 2017)*.

47. In so doing, all Defendants violated Plaintiff's rights relating to the 1st Amendment and did so with deliberate indifference.

48. As a direct and proximate consequence of the acts of these Defendants, WORDEN has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## CAUSE 5

### (42 U.S.C. § 1983; 14th Amendment Violation- Due Process)

49.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 48 above and incorporates the same as if set forth in full.

50.  All Defendants knew or should have known that it is unlawful and constitutionally violative to withhold a citizen's personal property, when not contraband, without due process of law.

51.  Despite having this knowledge, WORDEN's subject camera was withheld from him for almost 2 years by the Defendants without due process of law and thereby violated Plaintiff's rights relating to the 14tht Amendment and did so with deliberate indifference.

52.  As a direct and proximate consequence of the acts of these Defendants, WORDEN has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## CAUSE 6

### (42 U.S.C. § 1983; Chilling of 1st Amendment)

53.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 52 above and incorporates the same as if set forth in full.

54.  On 6/23/18, in order to stop and deter WORDEN (and others) from filming in public and filming the police in the performance of their duties, conduct that

is and was Constitutionally protected and clearly established by law as such, these defendants engaged in an aggressive mass public seizure of people recording them in public absent probable cause, seized their recording devices, and charged numerous with bogus crimes, thereby causing fear, odium, and great inconvenience to WORDEN and the others seized.

55. WORDEN has since never returned to the City of Leon Valley, despite their being newsworthy events and the criminal prosecutions relating to the events of this date. WORDEN has not returned for fear of retaliation by the Leon Valley Police Department and its officers who have demonstrated a pattern and practice of an unfettered targeting and retaliating against those who are known as independent journalists or affiliated with civil rights activists.

56. As a direct and proximate consequence of the acts of these Defendants, WORDEN has suffered and continues to suffer a chilling of his 1st Amendment right and injury therefrom and is entitled to recover damages accordingly.

## CAUSE 7

### (42 U.S.C. Sec. 1983 - Monell claim against Defendant City of Leon Valley - Failure to properly train and supervise –

57. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 56 above and incorporate the same as if set forth in full.

58. Defendant LEON VALLEY, through its supervisors, officers, employees and training, promulgated the making of the unconstitutional acts as outlined in the foregoing causes of action.

59. Defendant LEON VALLEY knew or should have known that their training and supervision of their Chief of Police and the officers must include clear knowledge of the constitutional nuances of consensual encounters, investigatory stops, and arrests. Further, they failed to properly train and supervise their employees to refrain from making unconstitutional stops in order to permit scenarios whereby their employees make unconstitutional searches and seizures, bogus arrests, and bring false charges and malicious prosecutions as they did here.

60. As a direct and proximate consequence of the acts of this Defendant, WORDEN has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## VI.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this honorable court find as follows:

    a. That all Defendants violated WORDEN's 1st amendment right to video record in public under the noted circumstances and through this encounter they interferred with this right by wrongfully detaining

Plaintiff prays for relief against Defendants, jointly and severally, as follows:

f. Enter judgment against each and every defendant individually named and find them jointly and severally liable;

g. Find that the Plaintiff is the prevailing party in this case and award attorney's fees and costs, according to federal law, as noted against all defendants.

h. Award punitive damages against all named defendants jointly and severally in their respective individual capacities in the amount of $250,000.00;

i. Award exemplary damages against all named defendants jointly and severally in the amount of $2,000,000.00, so as prevent any similar type of deprivation of rights in the future against any other citizen similarly situated.

j. And grant such other and further relief as appears reasonable and just, to which Plaintiff shows himself entitled.

The declaratory relief requested in this action is sought against each Defendant; against each Defendant's officers, employees, and agents; and against all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control.

DEMAND FOR TRIAL BY JURY REQUESTED HEREIN

I, EARL DAVID WORDEN, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DATED this 22nd day of March, 2022.

Earl David Worden
401 6th Street
San Leon, TX 77539
(832) 640-8240
Email: newsnowhouston@gmail.com
In Proper Person

Exhibit 1

6/23/18 Video Recording of encounter WORDEN (41:32) – on attached Media
Thumb Drive 'A'

Exhibit 2

Affidavit of Earl David Worden

# AFFIDAVIT OF EARL DAVID WORDEN

STATE OF TEXAS                    )
                                  )  *ss*
COUNTY OF HARRIS                  )

Comes now, **Earl David Worden**, your Affiant, being competent to testify and being over the age of 21 years of age, after first being duly sworn according to law to tell the truth to the facts related herein states the he has firsthand knowledge of the facts stated herein and believes these facts to be true to the best of his knowledge.

1. On June 23, 2018, at approximately 4:00 p.m., your affiant was present outside the City of Leon Valley City Hall and Police Department, located at 6400 El Verde Road, Leon Valley, Texas 78238.

2. At approximately said time and location, Affiant witnessed and video recorded a portion of the encounter involving numerous persons videorecording numerous Leon Valley Police Officers and these officers.

3. Affiant's attests that the portion of this encounter evidenced in this video in Exhibit 1 of Affiant's Federal complaint is his video recording of the subject encounter recorded on his Canon VIXIA HFR600 hand held video recorder.

4. Affiant further attests that his video recording as presented in Exhibit 1 of Affiant's Federal Complaint is unedited and unaltered.

Earl David Worden Affidavit

1



**Further, Affiant sayeth naught.**

**Earl David Worden**          3-23-22

                                          **Date**

State of TEXAS

County of

Subscribed and sworn to (or affirmed) before me on this 23rd day of March, 2022.

**Earl David Worden**, proved to me on the basis of satisfactory evidence to be the person who appeared before me.



_____ (Seal)
Notary Public

My commission expires on
12/03/2025

**Earl David Worden Affidavit**

2

Exhibit 3

5/4/20 Certified Mail Address Label for
Return of Plaintiff Worden's Seized Canon VIVIA HF R600

